a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL SCOTT CROSBY #535781, Plaintiff | CIVIL DOCKET NO. 5:23-CV-00351 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRAVIS DAY, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Michael Scott Crosby ("Crosby"). ECF No. 5. Crosby is incarcerated at the B.B. Rayburn Correctional Center in Angie, Louisiana. Crosby challenges his conviction in the First Judicial District Court, Caddo Parish.

Because Crosby's Petition is second and successive, it should be DISMISSED without prejudice for lack of jurisdiction.

I.   Background

A grand jury indicted Crosby on one count of aggravated rape and one count of aggravated kidnaping. He was found guilty of forcible rape, but the jury could not reach a verdict on the kidnaping charge. Crosby was sentenced to 40 years imprisonment on the forcible rape conviction. *State v. Crosby*, 43,864, p. 1 (La. App. 2 Cir. 4/8/09); 6 So.3d 1281, 1282. The conviction and sentence were affirmed on appeal. *Id.* Crosby later filed an application for post-conviction relief, which was also denied. *See State ex rel. Crosby v. State*, 2009-2668 (La. 1/14/11); 52 So.3d 893.

1

Crosby filed a habeas petition in 2010 challenging his conviction and sentence. *See Crosby v. Warden,* 5:10-CV-01581. The Petition was denied, as was certificate of appealability. *Crosby v. Vannoy*, 16-31268, 2017 WL 11622111 (5th Cir. 2017).

Crosby asks this Court to vacate his conviction because he was convicted by a non-unanimous jury. However, his § 2254 Petition is "second and successive" and must be dismissed for lack of jurisdiction.

## II.  Law and Analysis

Crosby's first habeas petition was adjudicated on the merits, but it did not include the claim regarding jury unanimity. Nonetheless, the Petition is second and successive because his claim could have been raised in the first Petition. According to 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior application shall be dismissed unless: "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Crosby asserts that his conviction is unlawful under the newly recognized rule that non-unanimous jury verdicts are unconstitutional. 28 U.S.C. § 2244(b)(2)(C).

The United States Supreme Court has since recognized that unanimity in jury verdicts is required under the Constitution. *See Ramos v. Louisiana*, 140 S. Ct. 1390, 1407 (2020). However, the Supreme Court held that "*Ramos* announced a new rule of criminal procedure" that "does not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021). The Supreme Court noted that the states "remain free, if they choose, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings." *Id.*, 141 S.Ct. at 1559. The Louisiana Supreme Court has determined that *Ramos* does not apply retroactively on collateral review in Louisiana. *See State v. Reddick*, 2021-01893 (La. 10/21/22).

Even if Crosby could meet the requirements of § 2244(b)(2), his Petition would still be subject to dismissal for failing to obtain authorization from the Fifth Circuit. 28 U.S.C. § 2244(b)(3).

### III. Conclusion

Because Crosby's Petition is second and successive and he has not obtained authorization from the Fifth Circuit to file another, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, June 1, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE